PESCAY, PLAINTIFF AND APPELLEE, *v.* FERNÁNDEZ, DEFENDANT AND APPELLANT.

Appeal from the District Court of San Juan, Section 1, in an Action for Rescission of Contract and for Damages.

No. 1994.—Decided June 3, 1919.

APPEAL—BRIEF.—An appeal will not be dismissed on the ground that the appellant failed to file his brief in time, when, although this is true, it is also true that the brief was filed before the dismissal was moved for.

PLEADING—DAMAGES—DEMURRER.—If the facts alleged entitle the plaintiff to recover even nominal damages, a general demurrer to the complaint will not be sustained unless special damages are alleged. If the acts imputed to the defendant are such that damage to the plaintiff may be inferred as a natural and necessary consequence, a plea of general damages is sufficient, and fail-

ure to allege special damages does not subject the complaint to attack by demurrer.

Id.—Id.—Id.—If the complaint sets up the facts relative to the damage caused and makes a general claim for damages without specifying their nature or stating them in detail, a general demurrer that it does not state facts sufficient to constitute a cause of action will not be sustained. If the defendant desires a more particular specification of any of the elements constituting the damages, he may obtain it in due form if, in the opinion of the court, he has a right to it in order to be able to answer or to prove his case.

The facts are stated in the opinion.

*Mr. Enrique Rincón* for the appellant.

*Mr. Miguel Guerra* for the appellee.

Mr. Justice del Toro delivered the opinion of the court.

Simón Pescay brought an action against Cándido Fernández for the rescission of a contract and for damages. The defendant filed a general demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action. The court overruled the demurrer and gave the defendant ten days in which to answer. The defendant did not answer, but moved for judgment, which the court entered. The defendant then appealed, but failed to file his brief within the legal period. After that period had elapsed he filed a brief and a day having been set for the hearing on the appeal, he failed to appear. The plaintiff appeared at the hearing and moved for dismissal of the appeal for failure to file the brief in time and asked that in the event that the motion should be overruled the case be considered on its merits and the judgment below be affirmed.

1. The appeal should not be dismissed on the ground stated, for although the brief was not filed within the legal period, it was filed before the appellee's motion was made and this is a sufficient answer to the motion under Rule 58 of this court. See also Rule 62 to the effect that all motions or suggestions for the dismissal of appeals must be made before the hearing.

2. Appellant contends in his brief that the district court erred in overruling his demurrer, because it raised the question that the complaint did not specify what damages the

plaintiff had sustained as a result of each of the several acts imputed to the defendant, and, this being a fact, the defendant was under no obligation to answer. This is the only question involved in the appeal, according to defendant-appellant himself.

We have examined the complaint and it distinctly expresses the facts determinative of the rescission and originating the damages. The amount claimed for damages is estimated in a lump sum. We see no error on the part of the court in acting as it did.

"If the facts alleged entitle plaintiff to even nominal damages, a general demurrer cannot be sustained to the pleading, although no special damages be alleged. That is to say, if the acts charged upon defendant are such that their natural and necessary consequence is to injure plaintiff, an allegation of general damages is sufficient, and a failure to allege special damage does not subject the pleading to attack by demurrer." 31 Cyc. 109.

A similar question was carefully considered by this court in the case of *Torres* v. *Ramírez,* 22 P. R. R. 419. After a review of the authorities Mr. Justice Wolf, speaking for the court, said:

"From the foregoing considerations it follows that if a complaint expresses the facts of a wrong and makes a general claim for damages without specification of their nature or without particularizing the same, the complaint is not demurrable. If the complainant wishes to prove special damages at the trial, like loss of reputation, business, etc., he must allege the same. If the defendant wants greater particularity of any element of damages, he may obtain it in the proper way if, in the discretion of the court, to make his answer or prove his case, he is entitled to it. The courts are slow in requiring complainant to specify without an ample showing by defendant. In cases like the present greater particularity is rarely required."

The judgment below must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.